UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-040-JBC

McCLELLAN GAINES                                                                      PLAINTIFF

VS:                **MEMORANDUM OPINION AND ORDER**

RANDY ECKMAN, ET AL.                                                              DEFENDANTS

      The plaintiff, a former inmate presently residing in Paris, Kentucky, has filed a complaint pursuant to 42 U.S.C. § 1983. The plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment and that his serious security needs were met with deliberate indifference in violation of the Eighth Amendment. He also alleges a state tort claim of negligence. The plaintiff alleges that his causes of action arose during and/or as a result of the September 14, 2004, inmate uprising and alleged "riot" which took place at the Lee Adjustment Center in Beattyville, Kentucky. The Lee Adjustment Center is owned by Corrections Corporation of America.

      The named defendants are Kentucky Department of Corrections Commissioner John Rees, the Corrections Corporation of America, the Lee Adjustment Center (LAC), and LAC employees: Former Warden Randy Eckman, Former Chief of Security Bryon Ponds, Secretary of Division Melody Turner, and Assistant Warden Donna Stivers. The

defendants are named in both their individual and official capacities.

The plaintiff seeks damages for emotional injuries and costs.

## EIGHTH AMENDMENT CLAIMS

The plaintiff asserts that his serious security needs were met with deliberate indifference in violation of the Eighth Amendment, because he was confined within an institution that was insufficiently prepared to thwart an inmate riot. The plaintiff also alleges that on September 14, 2004, he was subjected to cruel and unusual punishment, in violation of the Eighth Amendment, because he was "tear gassed" and required to sleep on a concrete floor in a two-man cell with four other inmates for three or four days, during which time he wore the same clothes and was not afforded a shower.

## 42 U.S.C. § 1997e(e)

The plaintiff seeks damages for mental distress. Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "physical injury" "must be more than *de minimis*, but need not be significant." *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). When a plaintiff has failed to ". . . allege or show more than a *de minimis* physical injury, his Eighth Amendment claim for mental anguish is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner 'for mental or emotional injury suffered while in

custody without a prior showing of physical injury.'" *Jennings v. Mitchell*, 93 Fed. Appx. 723, 2004 WL 504352 (6th Cir. (Mich.), March 12, 2004) (citing *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999)).  When a prisoner has failed to allege facts sufficient to show that he suffered a "serious or grave deprivation or harm," and where the prisoner has not shown actual physical injury, he is barred from recovering for Eighth Amendment violations. *Watson v. McClanahan*, 221 F.3d 1337, 2000 WL 922899 (6th Cir. (Tenn.)) (unpublished disposition) (citing See 42 U.S.C. § 1997e(e); *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)).  As the plaintiff has not alleged that he has suffered any physical injury and because he seeks only damages, his Eighth Amendment claims will be dismissed pursuant to 42 U.S.C. § 1997e(e).

## STATE TORT CLAIM OF NEGLIGENCE

A mere violation of state law will not establish a proper claim pursuant to 42 U.S.C. § 1983. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995).  The violation of state law, without more, is not a constitutional violation for purposes of section 1983. *White v. Gerbitz*, 892 F.2d 457, 459 (6th Cir. 1989). 42 U.S.C. § 1983 is not an avenue for redress of tort claims against the government or public officials. *See Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993).  Facts giving rise to state law tort claims do not necessarily give rise to constitutional torts under § 1983. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1067 (6th Cir. 1994).

Absent any other basis for jurisdiction, federal courts do not have jurisdiction

over actions regarding "duties that are analogous to those traditionally imposed by state tort law." *Lewellen v. Metropolitan Govt., et al.*, 34 F.3d 345, 351 (6th Cir. 1994) (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (citations omitted)).

## CONCLUSION

Accordingly, the court being advised, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

Signed on April 20, 2005

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY